IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE FASTENERS ANTITRUST LITIGATION : : : | MDL Docket No. 1912 |
| THIS DOCUMENT RELATES TO: : : ALL CLAIMS UNDER UNITED STATES LAW : : | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 2nd day of March 2010 (the "Execution Date"), by and between William Prym GmbH & Co. KG, Prym Inovan GmbH & Co. KG, Prym Consumer GmbH, EP Group S.A., Inovan GmbH & Co. KG, Prym Fashion GmbH, Prym Consumer Europe GmbH, Prym Consumer USA, Inc. ("Prym USA"), William Prym Inc., and Prym Fashion, Inc. (collectively, "Prym") and Plaintiffs, both individually and on behalf of a class of purchasers defined in paragraph 6 below.

WHEREAS, Plaintiffs allege that Prym participated in an unlawful conspiracy to raise, fix, maintain, or stabilize prices for Fasteners in violation of Section 1 of the Sherman Antitrust Act; and

WHEREAS, Prym denies Plaintiffs' allegations; and

WHEREAS, arm's-length settlement negotiations have taken place between Settlement Class Counsel (as defined in paragraph 7) and counsel for Prym, and this agreement has been reached as a result of those negotiations; and

WHEREAS, the action will continue against those defendants that are not Releasees (as defined in paragraph 3); and

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the above-captioned action, which, for purposes of this Agreement, consists of all claims under United States law asserted in actions pending in the United States District Court for the Eastern District of Pennsylvania, MDL Docket No. 1912 (the "Action"), and have concluded that a settlement with Prym according to the terms set forth below is in the best interest of Plaintiffs and the Settlement Class, particularly in light of Prym's current financial condition. The settlement as set forth herein, providing for both a cash settlement payment and extensive cooperation, is fair, reasonable and adequate in the opinion of Settlement Class Counsel; and

WHEREAS, Prym USA, despite its belief that it has good defenses to the claims alleged, nevertheless has decided to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and the detrimental effect such litigation will have on its business going forward; and

WHEREAS, Prym has agreed to provide extensive cooperation to Plaintiffs in the ongoing prosecution of this litigation against all other Defendants as set forth in this Agreement, and such cooperation is expected to materially assist Plaintiffs in the prosecution of the Action.

NOW, THEREFORE, in consideration of the covenants, agreements and releases set forth herein and for other good and valuable consideration, and intending to be legally bound, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed with prejudice as to Prym only, without costs as to Plaintiffs, the Settlement Class or Prym except as provided for herein, subject to the approval of the Court, on the following terms and conditions.

A.   Definitions

The following terms, as used in this Agreement, have the following meanings:

1.  "Affiliates" means entities controlling, controlled by or under common control.

2.  "Fasteners" means zippers, snap fasteners, jeans buttons, hooks and eyes, clamping locks, clip fasteners and rivets, whether made of metal or plastic, used for fastening materials together.

3.  "Releasees" means, jointly and severally, individually and collectively, Prym and its parents, subsidiaries, affiliates, divisions, predecessors and successors, and their respective past and present officers, directors and employees. Releasees does not include any other person or entity other than Prym. Releasees also does not include any current or former officer, director or employee of Prym who is determined by Settlement Class Counsel to have refused to comply with a request by Settlement Class Counsel, made under the terms of this Agreement, that the person be interviewed, provide a declaration or affidavit, or appear to testify at deposition or at trial and to testify, without invocation of his or her right against self incrimination, concerning alleged anticompetitive behavior relating to the manufacturing, marketing and sale of Fasteners.

4.  "Releasors" means, jointly and severally, individually and collectively, Plaintiffs and the Settlement Class Members and their parents, subsidiaries, affiliates, divisions, predecessors and successors.

5.  "Settlement Amount" means $1,100,000 in United States currency.

6.  "Settlement Class" means: All persons and entities who purchased Fasteners in the United States directly from a Defendant during the Settlement Class Period. Excluded from the Class are Defendants and their predecessors, successors, parents, subsidiaries, affiliates, divisions and governmental entities.

7.  "Settlement Class Counsel" means the law firms of Kohn, Swift & Graf, P.C.,

One South Broad Street, Suite 2100, Philadelphia, PA 19107, Kaplan, Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, NY 10022, Barrack, Rodos & Bacine, 3300 Two Commerce Square, 2001 Market Street, Philadelphia, PA 19103, and Law Offices Bernard M. Gross, P.C., 100 Penn Square East, Suite 450, Juniper and Market Streets, Philadelphia, PA 19107.

8. "Settlement Class Member" means each member of the Settlement Class who does not properly elect to be excluded from the Settlement Class.

9. "Settlement Class Period" means the period from and including January 1, 1991 to and including September 19, 2007.

10. The "Settlement Fund" means the Settlement Amount and any interest earned on that amount.

B. Stipulation to Class Certification

11. The parties to this Agreement hereby stipulate for purposes of this settlement only that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied and, subject to Court approval, the Settlement Class defined in paragraph 6 shall be certified for settlement purposes as to Prym.

C. Approval of this Agreement and Dismissal of the Action

12. Plaintiffs and Prym shall use their best efforts to effectuate this Agreement, including, but not limited to, seeking the Court's approval of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure certification of the Settlement Class and the prompt, complete, and final dismissal with prejudice of the Action as to Prym.

13.     After the Execution Date, Plaintiffs shall submit to the Court a motion, to be joined in or stipulated to by Prym, requesting that the Court enter an Order preliminarily approving the settlement and authorizing dissemination of notice to the Settlement Class (the "Motion"). The motion shall include: (a) the definition of the Settlement Class to be certified by the Court; and (b) the proposed forms of, method for, and date of dissemination of notice to the Settlement Class. Individual notice of the settlement shall be mailed to persons and entities who have been identified by Prym and the other Defendants, to the extent provided voluntarily or ordered by the Court, as members of the Settlement Class. Notice of the settlement shall also be published once in the national edition of The Wall Street Journal and on a web site created under the supervision of Settlement Class Counsel.

14.     Plaintiffs and Prym shall jointly seek entry of a final judgment order:

    (a)     approving finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

    (b)     directing that, as to Prym only, the Action be dismissed with prejudice and without costs;

    (c)     reserving exclusive jurisdiction over the settlement and this Agreement, including, without limitation, the administration and consummation of this settlement; and

    (d)     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Prym shall be final and appealable and entered forthwith.

15.     This Agreement shall become effective only when: (a) the Court has entered a final judgment order substantially in the form set forth in paragraph 14, approving the settlement embodied in this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Prym with prejudice and without costs has been entered; and (b) the time for appeal or to seek permission to appeal from the Court's approval of the

settlement and the entry of a final judgment has expired or, if appealed, approval of the settlement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review ("Effective Date"). It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651 shall be taken into account in determining the above-stated times.

D.  <u>Release and Discharge</u>

16. Upon the occurrence of the Effective Date, and in consideration of payment of the Settlement Amount as specified in paragraph 19 of this Agreement, and completion of the cooperation set forth in Section H of this Agreement, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, damages, and liabilities of any nature, including, without limitation, costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, in law or equity concerning sales of Fasteners to customers who purchased Fasteners in the United States prior to the end of the Class Period based in whole or in part on the facts, occurrences, transactions, or other matters alleged in, or that could have been alleged in, the Action against Prym, regarding Fasteners, which arise under any United States federal or state law, including any United States federal or state antitrust or consumer protection law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. Provided, however, that nothing herein shall release: (1) any claims based upon indirect

purchases of Fasteners; (2) claims for any product defect, breach of contract, or similar claim relating to Fasteners; or (3) claims under laws other than those of the United States.

17. In addition to the provisions of paragraph 16, each member of the Settlement Class hereby expressly waives and releases, upon the occurrence of the Effective Date, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542. Certain Claims Not Affected by General Release.
> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. Each member of the Settlement Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of paragraph 16, but each member of the Settlement Class hereby expressly waives and fully, finally and forever settles and releases, upon the occurrence of the Effective Date, any known or unknown, suspected or unsuspected, contingent or non-contingent claim which is the subject matter of paragraph 16, without regard to the subsequent discovery or existence of such different or other facts.

18. The foregoing release of claims shall not apply to any current or former director, officer, or employee of Prym who is determined by Settlement Class Counsel to have refused to comply with a request by Settlement Class Counsel, made under the terms of this Agreement, that the person be interviewed, provide a declaration or affidavit, or appear to testify at deposition or at trial and to testify, without invocation of his or her right against self

incrimination, concerning alleged anticompetitive behavior relating to the manufacturing, marketing and sale of Fasteners. Before this release is rendered inapplicable due to non-compliance with the above-referenced cooperation provisions of this Agreement, Settlement Class Counsel shall provide in writing to Prym's counsel a Notice of Non-Compliance, identifying the deficiencies. Prym shall have the right to cure the deficiencies identified in the Notice of Non-Compliance within 30 calendar days of receipt of the Notice.

E.      Payments

19.     Prym USA shall pay or cause to be paid $1,100,000 in United States currency in settlement of the Action. On or before March 1, 2010, the Settlement Amount shall be wire transferred by Prym USA or on Prym USA's behalf into an escrow account, which shall be established by Settlement Class Counsel at PNC Bank in Philadelphia, Pennsylvania (the "Bank"), and administered in accordance with the provisions of Section F of this Agreement.

20.     (a) Prym and Prym USA agree that if Prym enters into a settlement of claims under United States or non-United States law based upon alleged domestic or foreign anticompetitive conduct relating to Fasteners, with any direct purchaser(s) other than the Plaintiffs and the Settlement Class (a "Subsequent Prym Settlement"), on either an individual, class or other collective basis, Prym will not pay such direct purchaser(s) more than the Settlement Amount specified herein payable by Prym USA. If Prym agrees to pay more than the Settlement Amount in a Subsequent Prym Settlement, within 10 business days after the execution date of such agreement, Prym shall disclose such settlement to Settlement Class Counsel. Within 10 business days of payment or, if required, final court approval of the Subsequent Prym Settlement, Prym USA shall pay an amount to Plaintiffs and the Settlement

Class that is equal to the difference between the Settlement Amount and the amount paid pursuant to the Subsequent Prym Settlement.

   (b) Prym (with the exception of Prym USA) agrees to unconditionally indemnify the Settlement Class for any failure by Prym USA to fulfill its obligations under paragraph 20 of this Settlement Agreement.

F. <u>The Settlement Fund</u>

   21. The Settlement Fund is intended by the parties to be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-1, and to that end the parties shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. At the request of Prym USA, a "relation back election" as described in Treas. Reg. § 1.468B-1(j) shall be made so as to enable the Settlement Fund to be treated as a qualified settlement fund from the earliest date possible, and the parties shall take all actions as may be necessary or appropriate to this end.

   22. Before the Effective Date of this Agreement, reasonable disbursements for expenses associated with providing notice of the settlement to the Settlement Class, administering the Settlement Fund, and any payments and expenses incurred in connection with taxation matters relating to the settlement and this Agreement may be made from the Settlement Fund, and such amounts shall not be refundable to Prym USA in the event the Agreement is disapproved, rescinded, or otherwise fails to become effective.

   23. The Settlement Fund shall be invested in United States Government Treasury obligations or United States Treasury money market funds, provided, however, that such portions of the Settlement Fund as may reasonably be needed to pay current expenses associated with providing notice to the Settlement Class, administering the Settlement Fund, and any taxes

may be deposited in a federally insured interest bearing bank account at the Bank. All interest earned on the Settlement Amount shall become part of the Settlement Fund.

24. Prym shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, administration, or use except as expressly otherwise provided in this Agreement.

25. After the Effective Date, Plaintiffs and Plaintiffs' Counsel shall be reimbursed and paid solely out of the Settlement Fund for attorneys' fees and past, current, or future litigation costs and expenses. Neither Prym nor Prym USA shall be liable for any costs, expenses, or fees of any of Plaintiffs' respective attorneys, experts, advisors, agents, or representatives. Reimbursement of all such costs, expenses, and fees, as approved by the Court shall be paid only out of the Settlement Fund. No disbursements shall be made from the Settlement Fund prior to the Effective Date of this Agreement except as described in paragraph 22 above.

G. Rescission

26. If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter a final judgment order substantially in the form set forth in paragraph 14, or if the Court enters the final judgment order and appellate review is sought and, on such review, such final judgment order is not affirmed, then Prym and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety (except as hereafter provided in this paragraph) and any and all amounts then constituting the Settlement Fund shall be returned forthwith to Prym USA, except for such disbursements made or incurred in accordance with paragraph 22 of this Agreement. A

modification or reversal on appeal of any amount of attorneys' fees or expenses awarded by the Court from the Settlement Fund or any plan of allocation or distribution of the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment order. Prym and Plaintiffs expressly reserve all of their rights if the Agreement does not become effective or if it is rescinded by Prym or the Plaintiffs pursuant to this paragraph. The provisions of paragraph 22 of this Agreement shall remain in effect in the event this Agreement is rescinded.

H.    Cooperation

27.    As part of the consideration being provided by Prym to Plaintiffs pursuant to this Agreement, Prym agrees to provide to Plaintiffs the cooperation set forth in this Section H of this Agreement. The cooperation shall extend to and include information relating to Prym's, and other Defendants', manufacturing, marketing and sale of Fasteners outside of the United States, and shall not be limited based upon the geographic scope of Plaintiffs' claims. Unless otherwise indicated, the cooperation set forth below shall begin immediately and prior to the Execution Date.

28.    Meetings with Counsel. Prym agrees that its counsel will meet with Settlement Class Counsel to provide industry, factual and economic background relating to the antitrust violations at issue in the Action.

29.    Interviews. Upon reasonable notice by Settlement Class Counsel, Prym shall produce for interviews with Settlement Class Counsel and/or their experts, at a location mutually agreed upon by Settlement Class Counsel and counsel for Prym, or, if they are unable to reach such an agreement, at a location of Settlement Class Counsel's choice, any of Prym's current or former directors, officers, or employees who Plaintiffs or Prym believe have relevant information

about the claims in the Action. If Prym, despite its diligent and continued best efforts, is unable to produce any such current or former directors, officers, or employees as contemplated by this paragraph, Plaintiffs may, in the case of former directors, officers, or employees, contact the witness independently, or, in the case of current or former directors, officers, or employees, seek to compel testimony from the witness through subpoenas, letters rogatory, the Hague Convention, or other legal means.

30. <u>Declarations and Affidavits</u>. Upon reasonable notice by Settlement Class Counsel, Prym shall produce declarations or affidavits from any of Prym's current or former directors, officers, or employees who Plaintiffs or Prym believe have relevant information about the claims in the Action. If Prym, despite its diligent and continued best efforts, is unable to produce any such current or former directors, officers, or employees as contemplated by this paragraph, Plaintiffs may, in the case of former directors, officers, or employees, contact the witness independently, or, in the case of current or former directors, officers, or employees, seek to compel testimony from the witness through subpoenas, letters rogatory, the Hague Convention, or other legal means.

31. <u>Depositions</u>. After the commencement of discovery in the Action, upon reasonable notice by Settlement Class Counsel, Prym shall produce for depositions, or sworn testimony under oath, by Settlement Class Counsel, at a location mutually agreed upon by Settlement Class Counsel and counsel for Prym, or, if they are unable to reach such an agreement, at a location of Settlement Class Counsel's choice, any of Prym's current or former directors, officers, or employees who Prym or Plaintiffs believe have relevant information regarding the claims in the Action. If Prym, despite its diligent and continued best efforts, is unable to produce any such current or former directors, officers, or employees as contemplated

by this paragraph, Plaintiffs may, in the case of former directors, officers, or employees, contact the witness independently, or, in the case of current or former directors, officers, or employees, seek to compel testimony from the witness through subpoenas, letters rogatory, the Hague Convention, or other legal means.

32. Depositions shall be conducted pursuant to the Federal Rules of Civil Procedure, and shall be subject to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, regardless of the location at which the deposition takes place or the citizenship of the deponent. Written notice by Settlement Class Counsel upon Prym's counsel shall constitute sufficient service of notice for such depositions.

33. <u>Testimony at Trial</u>. Upon reasonable notice, Prym shall direct to be available for trial testimony in the United States at Prym's expense, any of Prym's current or former directors, officers, or employees who Plaintiffs or Prym believe have relevant information regarding the claims in the Action. If Prym, despite its diligent and continued best efforts, is unable to produce any such current or former directors, officers, or employees as contemplated by this paragraph, Prym shall assist Plaintiffs and Plaintiffs may, in the case of former directors, officers, or employees, contact the witness independently, or, in the case of current or former employees, seek to compel testimony from the witness through subpoenas, letters rogatory, the Hague Convention, or other legal means.

34. <u>Production of Documents</u>. Prym agrees to provide full cooperation with respect to discovery and gathering evidentiary materials relating to Plaintiffs' claims in the Action. Prym shall produce all such documents as promptly as possible, and in no event shall such production be concluded later than 45 days after the Execution Date. Prym's compliance with the document production obligations under this Agreement will be at Prym's expense. Prym will

provide translated versions of non-privileged requested documents to the extent already translated and translated versions of other non-privileged documents that in the opinion of Prym's counsel are relevant to Plaintiffs' claims in the Action. Prym's cooperation includes production of the following categories of documents, to the extent such documents are presently within or can become in its possession, custody, or control and to the extent such production does not violate European Commission regulations, guidelines or policy:

(a) documents relating to or reflecting actual or potential communications by or between two or more Defendants in the Action (or a Defendant and another manufacturer of Fasteners) regarding Fasteners' pricing, products, markets, or customers;

(b) copies of all documents provided to, provided by or seized by any entity investigating antitrust violations in the Fasteners industry; and

(c) any other documents relevant to Plaintiffs' claims as alleged in the Action, to the extent such documents have not already been produced.

35. With respect to the cooperation set out in this Section H, where the provision of any information, written or oral, would violate European Commission regulations, guidelines or policy, Prym, if requested by Settlement Class Counsel to produce such information, agrees to request permission from the European Commission to disclose such information, and the parties to this Agreement agree to abide by the European Commission's response.

36. To the extent available, Prym will provide to Plaintiffs sales transactional data for the period 1989 through the present. To the extent it is available, Prym's sales transactional data shall be provided in an electronic format. Prym also agrees to provide reasonable assistance to Plaintiffs in understanding Prym's transactional data, including, if appropriate, communications between technical personnel. Any transactional data and/or assistance provided by Prym under this paragraph shall be at no cost to Plaintiffs.

37.   <u>Authentication of Documents</u>.  Prym agrees to produce at trial and/or deposition, or through affidavits or declarations, qualified representatives to establish the requisites for admission into evidence under the Federal Rule of Evidence of any of Prym's documents, Prym's electronic transactional data, or any other Prym material produced in the Action pursuant to this Agreement, or otherwise, and to the extent possible, any documents produced by any of Prym's alleged conspirators.

38.   <u>General Matters Regarding Prym's Cooperation</u>.  Prym's obligation to cooperate shall not be affected by the release set forth in this Settlement Agreement.  Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, respective obligations to cooperate under this Agreement shall continue until the date that final judgment has been entered in the Action against all Defendants.

39.   Prym reserves the right to designate any material provided to Plaintiffs pursuant to this settlement agreement as protected by an applicable protective order, to the extent one is agreed upon by the parties and so ordered by the Court.  Prior to entry of such an order, Settlement Class Counsel agree to treat such information as confidential and Settlement Class Counsel agree not to use or disclose any information, testimony or documents provided by Prym for any purpose other than the investigation or prosecution of the claims asserted in the Action. Without limiting the generality of the foregoing, unless compelled to produce it by a court, tribunal or governmental entity, Settlement Class Counsel will not provide any information, testimony or documents provided by Prym to other counsel, including counsel appointed to represent the non-US law claims in this litigation.  Settlement Class Counsel are, however, permitted to provide information, testimony or documents produced by Prym to co-counsel for

the United States Law Claim Plaintiffs who shall be subject to the terms set forth in this paragraph.

      40.    Prym acknowledges that the cooperation set forth in Section H of this Agreement is a material component of this settlement. Prym agrees to use its best efforts promptly to provide all cooperation specified in Section H of this Agreement.

I.    <u>Taxes</u>

      41.    Settlement Class Counsel shall be solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid from the Settlement Fund. Prym shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement is not consummated and the Settlement Fund is returned to Prym USA. In the event the settlement is not consummated, Prym USA shall be responsible for the payment of all taxes (including any interest or penalties), if any, on said income.

J.    <u>Miscellaneous</u>

      42.    This Agreement does not settle or compromise any claim by Plaintiffs or any other Settlement Class Member against any Defendant or alleged co-conspirator or any other person or entity other than the Releasees. All rights of any Settlement Class Member against a

Defendant or co-conspirator or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and the other Settlement Class Members.

43. The monetary amount of Prym's sales to customers that purchased Fasteners in the United States shall remain in the Action as a basis for damage claims against the remaining Defendants and shall be part of any joint and several liability claims against those Defendants or any other person or entity other than the Releasees.

44. This Agreement constitutes the entire agreement among Plaintiffs and Prym pertaining to the settlement of the Action against Prym. This Agreement may be modified or amended only by a writing executed by Plaintiffs and Prym.

45. Neither this Agreement nor any negotiations or proceedings connected with it shall be deemed or construed to be an admission by any party or any Releasee or Releasor of evidence of any fact or matter either in the Action or in any related action or proceedings, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, except in a proceeding to interpret or enforce this Agreement.

46. This Agreement may be executed in counterparts by Plaintiffs and Prym, and a facsimile or pdf signature shall be deemed an original signature for purposes of executing this Agreement.

47. Neither Plaintiffs nor Prym shall be considered the drafter of this Agreement or any of its provisions for the purpose of any statute, the common law, or rule of interpretation that would or might cause any provision of this Agreement to be construed against the drafter.

48. Any disputes between or among Prym and Settlement Class Counsel concerning matters contained in this Settlement Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the United States District Court for the Eastern District of

Pennsylvania, whose decision shall be final and non-appealable. The Court shall retain jurisdiction over the implementation and enforcement of this Agreement.

49. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement.

_____
Warren Rubin
LAW OFFICES BERNARD
M. GROSS, P.C.
100 Penn Square East
Suite 450
Philadelphia, PA 19107
(215) 561-3600

_____
Joseph C. Kohn
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

_____
Gerald J. Rodos
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 963-3600

_____ (SRS)
Linda P. Nussbaum
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Co-Lead Class Counsel for the United States Law Claim Plaintiffs

_____
Steven A. Reiss
Justin Wagner
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Counsel for William Prym GmbH & Co. KG, Prym Inovan GmbH & Co. KG, Prym Consumer GmbH, EP Group S.A., Inovan GmbH & Co. KG, Prym Fashion GmbH, Prym Consumer Europe GmbH, Prym Consumer USA, Inc., William Prym Inc., and Prym Fashion, Inc.