IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE FASTENERS ANTITRUST LITIGATION | : : : : | CIVIL ACTION<br><br>NO. 08-1912 |

**SURRICK, J.**                                                                                     **AUGUST   6   , 2012**

### MEMORANDUM

Presently before the Court is Defendants' Joint Motion for Section 1292(b) Certification for Immediate Appeal. (ECF No. 94.) For the following reasons, the Motion will be denied.

### I.  BACKGROUND[1]

Plaintiffs Fishman & Tobin, Greco Apparel, Inc., Jolna Apparel Group LLC, and Norman Shatz Co., U.S.A. allege that four groups of Defendants engaged in a global price-fixing conspiracy in the "Fasteners" market.[2] Fasteners include zippers, snap fasteners, buttons, hooks, and other similar products. Plaintiffs brought this class action on behalf of themselves and others

---

[1] We recite only the facts necessary to address the instant Motion. Our August 12 Memorandum provides a more detailed background of this multi-district litigation. (ECF Nos. 92-93; *In re Fasteners Antitrust Litig.*, No. 08-1912, 2011 WL 3563989 (E.D. Pa. Aug. 12, 2011).)

[2] Defendants include William Prym GmbH & Co. KG, Prym Consumer USA, Inc., Prym Fashion, Inc. ("Prym Defendants"); YKK Corporation, YKK Corporation of America, Inc., YKK (U.S.A.) Inc., and YKK Snap Fasteners America, Inc. ("YKK Defendants"); Coats plc, Coats Holdings, Inc., Coats American, Inc., Coats North America de Republica Domicana, Inc., and Coats and Clark, Inc. ("Coats Defendants"); and Scovill Fasteners, Inc. The Prym Defendants have entered into a settlement agreement with Plaintiffs. (ECF No. 56.) Scovill Fasteners filed for Chapter 11 bankruptcy. (ECF No. 91.) The present Motion for interlocutory review was filed by the YKK Defendants and Coats Defendants.

who purchased Fasteners in the United States from Defendants from January 1, 1991, until September 19, 2007.

On August 12, 2011, we issued a Memorandum and Order denying Defendants' joint motion to dismiss. Defendants argued, in part, that Plaintiffs' claims were time barred by the four-year statute of limitations in the Clayton Act, 15 U.S.C. § 15b. Plaintiffs responded that their claims were timely because the equitable doctrine of fraudulent concealment tolled the limitations period. To prevail on a fraudulent concealment claim, a plaintiff must allege an affirmative act of concealment. Where a conspiracy is the underlying cause of action, courts have applied three different standards for determining whether this affirmative act element is satisfied. *In re Fasteners*, 2011 WL 3563989, at *3. The strictest approach requires plaintiffs to demonstrate an affirmative act of concealment that is extrinsic to the conspiracy. *Colorado v. W. Paving Constr. Co.*, 630 F. Supp. 206, 210 (D. Colo. 1986), *aff'd en banc*, 841 F.2d 1025 (10th Cir. 1988). Others courts, applying an intermediate standard, require affirmative acts, but allow plaintiffs to rely on acts of concealment involved in the antitrust violation itself. *Supermarket of Marlington, Inc. v. Mead Gold Dairies, Inc.*, 71 F.3d 119, 122, 125 (4th Cir. 1995); *Texas v. Allan Constr. Co.*, 851 F.2d 1526, 1532 (5th Cir. 1988). Under the third, most lenient approach, plaintiffs may sustain their burden by alleging that the antitrust conspiracy is self-concealing. *New York v. Hendrickson Bros.*, 840 F.2d 1065, 1083-84 (2d Cir. 1988); *In re Aspartame Antitrust Litig.*, No. 06-1732, 2007 WL 5215231, at *5-6 (E.D. Pa. Jan. 18, 2007). The Third Circuit has not spoken on this issue.

After reviewing the caselaw, we determined that the majority of district courts in this circuit have applied the self-concealing standard to antitrust conspiracies. *In re Fasteners*, 2011

WL 3563989, at *4 (citing cases).  In the context of a price-fixing conspiracy, the self-concealing standard reflects the principles embodied in the doctrine of equitable tolling.  As such, we held that Plaintiffs met their burden by alleging that Defendants' conspiracy was self-concealing. *Id.* at *5.  We noted, however, that if we were to require Plaintiffs to meet either the strict or intermediate standard, the allegations in the Complaint would be insufficient. *Id.* at *4. Plaintiffs identified two affirmative acts of concealment.  First, they alleged that Defendants provided false and pretextual explanations for price increases.  Second, they alleged that Defendants devised a legal strategy in response to a European Commission inquiry, in which Defendants agreed to deny everything.  We determined that these two allegations did not constitute affirmative acts of concealment. *Id.*

On August 30, the YKK and Coats Defendants filed a Motion to certify the order denying the motion to dismiss for interlocutory appeal.  (Defs.' Mot., ECF No. 94.)  Specifically, Defendants seek immediate appellate review of one issue:  whether the allegation that a price-fixing conspiracy is "self-concealing" is sufficient to satisfy the fraudulent concealment doctrine's requirement of affirmative acts of concealment.  (*Id.* at Ex. 1.)  Plaintiffs oppose interlocutory review.

## II.   DISCUSSION

A district court may, in its discretion, certify an interlocutory order for appeal under 28 U.S.C. § 1292(b).  Certification is permissible if (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion as to the controlling question of law; and (3) immediate appeal may materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).  The moving party must

demonstrate each element for certification to issue. *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008). Courts should certify orders for interlocutory review only where "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (citations omitted); *see In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 644 (E.D. Pa. 2010).

A controlling question of law is one in which either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is "serious to the conduct of the litigation either practically or legally." *Knipe*, 583 F. Supp. 2d at 599 (quoting *Katz*, 496 F.2d at 755). Section 1292(b) is "not designed for review of factual matters." *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1976). Interlocutory review materially advances the litigation where the appeal could "eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense." *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 707 (M.D. Pa. 2009); *see also In re Air Crash Off Long Island, N.Y., on July 17, 1996*, 27 F. Supp. 2d 431, 436 (S.D.N.Y. 1998) ("Because the district court's efficiency concerns are greatest in large, complex cases, certification may be more freely granted in so-called 'big' cases.").

The parties agree that only antitrust violations that occurred after October 31, 2003 are within the four-year limitations period.[3] Defendants argue that Plaintiffs do not allege any specific anti-competitive acts after October 31, 2003. They argue that there is a controlling issue

---

[3] The first of several class-action complaints in this litigation was filed on October 31, 2007. *See Goodwill Indus. of S. Fla., Inc. v. William Prym GmbH & Co., KG*, No. 07-9691 (S.D.N.Y. Oct. 31, 2007).

of law because all, or nearly all, of Plaintiffs' claims could be dismissed on interlocutory appeal. Defendants maintain they would prevail if the Third Circuit adopted the intermediate or strict standard in its fraudulent concealment analysis and reversed our holding regarding the application of the self-concealing standard. Defendants argue that certification is appropriate because this case will entail massive discovery concerning an alleged global antitrust conspiracy that lasted for several decades. Consequently, certification will materially advance the termination of this litigation, which is still in its infancy.

    We will deny Defendants' Motion for interlocutory review for several reasons. In our earlier Memorandum, we concluded that Plaintiffs had sufficiently alleged a conspiracy that spanned from 1991 until 2007. Although Plaintiffs did not allege specific anti-competitive acts that occurred after October 31, 2003, they did allege that the antitrust conspiracy continued until 2007. We refused to shorten the proposed class period at the motion to dismiss stage. *In re Fasteners*, 2011 WL 3563989, at *11. Even if the Third Circuit were to disagree with our conclusion, Plaintiffs would still be entitled to pursue damges for antitrust injury flowing from violations that occurred after 2003. Evidence of an antitrust conspiracy that existed prior to the limitations period is probative of a conspiracy during the limitations period. Moreover, violations that occurred prior to the limitations period caused injury to Plaintiffs during the limitation period. *In re Linerboard Antitrust Litig.*, MDL No. 1261, 2000 WL 1475559 (E.D. Pa. Oct. 4, 2000) (citing *Klehr v. A. O. Smith Corp. et al.*, 521 U.S. 179, 189 (1997)). The parties would still be required to engage in extensive discovery concerning a large window of time before 2003, particularly 1998 through early 2003, during which the bulk of Plaintiffs' allegations occurred. (Consol. Class Action Compl. ¶ 44, ECF No. 61.)

In addition, certification is improper where, as here, reversal would likely result in an amended complaint and a renewed motion to dismiss.  *See, e.g.*, *Harch Hyperbarics, Inc. v. Martinucci*, No. 09-7467, 2010 WL 4665923, at *5 (E.D. La. Nov. 9, 2010); *Fogarazzo v. Lehman Bros., Inc.*, No. 03-5194, 2004 WL 1555136, at *2 (S.D.N.Y July 9, 2004).  The applicability of a statute of limitations is a fact-sensitive inquiry.  *Steel Partners II, L.P. v. Aronson*, No. 05-1983, 2006 WL 3782656, at *2 (D.N.J. Dec. 22, 2006).  The issue of whether a court should equitably toll a statute of limitations is not a pure question of law.  *See Haley v. Hendricks*, 83 F. App'x 452, 454 n.2 (3d Cir. 2003).  "Certification to appeal [an] interlocutory [o]rder is inappropriate when the underlying order involve[s] mixed questions of law and fact because Section 1292(b) was not designed to secure appellate review of factual matters."  *Glover v. Udren*, No. 08-990, 2011 WL 3290238, at *2 (W.D. Pa. June 30, 2011) (citations omitted).

In our Memorandum, we found that Plaintiffs failed to plead an affirmative act of concealment, in part, because Plaintiffs alleged, without any particularity, that Defendants gave false and pretextual reasons for price increases.  *In re Fasteners*, 2011 WL 3563989, at *4.  If the Third Circuit accepted this appeal and required Plaintiffs to allege affirmative acts of concealment, Plaintiffs would certainly be given an opportunity to respond with an amended complaint that contained more specific allegations.  Defendants could file another motion to dismiss, further delaying the termination of this action.

Accordingly, we will deny Defendants' Motion for interlocutory review because Defendants have not shown that there is a controlling question of law or that an immediate appeal would materially advance the ultimate disposition of this litigation.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion will be denied.

An appropriate Order follows.

                                            **BY THE COURT:**

                                          **R. BARCLAY SURRICK, J.**