IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE FASTENERS ANTITRUST : 
LITIGATION : CIVIL ACTION
 :
 : NO. 08-md-1912

## FINAL JUDGMENT ORDER

AND NOW, this 24th day of January, 2014, upon consideration of the Plaintiffs' Motion for Final Approval of Settlements with Coats Holdings, Ltd., Coats Holdings, Inc., Coats American, Inc., d.b.a. Coats North America, Coats North America de Republica Dominicana, Inc., and Coats & Clark, Inc. (collectively, "Coats"), YKK Corporation, YKK Corporation of America, YKK (U.S.A.) Inc., and YKK Snap Fasteners America Inc., n/k/a LBK Real Estate Corporation, and William Prym GmbH & Co. KG, Prym Consumer USA, Inc., Prym Fashion, Inc., Prym Inovan GmbH & Co. KG, Prym Consumer GmbH, EP Group S.A., Inovan GmbH & Co. KG, Prym Fashion GmbH, Prym Consumer Europe GmbH, and William Prym Inc., after a duly-noticed final approval hearing held on January 10, 2014, and the Court expressly finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, the Court expressly directs the entry of the following Final Judgment as to Coats:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. This Court has jurisdiction to enter this Judgment.

2. The Court finds, for purposes of this settlement only, that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied. The Court certifies for purposes of this settlement only, pursuant to Rule 23 of the Federal Rules of

Civil Procedure, this action as a class action on behalf of a Settlement Class of all persons and entities who purchased zippers, snap fasteners, jeans buttons, hooks and eyes, clamping locks, clip fasteners and rivets, whether made of metal or plastic, used for fastening materials together in products used primarily in the textile, apparel, footwear, and luggage industries ("Fasteners") in the United States directly from a Defendant during the period from and including January 1, 1991 to and including September 19, 2007. Excluded from the Settlement Class are Defendants and their predecessors, successors, parents, subsidiaries, affiliates, divisions and governmental entities.

3. The Court finds that due and adequate notice was provided of the settlement with Coats, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to all members of the Settlement Class. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Settlement Class who could be identified through reasonable effort, notice published in *The Wall Street Journal*, and notice posted on the Internet on a website dedicated to this litigation, www.FastenersAntitrustLitigation.com. The Court finds and concludes that the notice provided fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. The Court finds that due and adequate notice was provided pursuant to 28 U.S.C. § 1715(b) to the Attorney General of the United States and to the Attorneys General of the Fifty States, as well as the Attorneys General of American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands.

5. The Court finds that the Settlement Agreement between the Class Representatives for the Settlement Class, on the one hand, and Coats on the other (ECF Nos. 124-4, 124-5) (the

"Settlement Agreement"), is fair, reasonable and adequate. The Settlement Agreement is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

6. The Court finds that American Soccer Company, Inc. (dba Score Sports), 726 E. Anaheim Street, Wilmington, CA 90744 ("Score Sports"), and no other Settlement Class member, has timely requested to be excluded from the Settlement Class and accordingly is not included in or bound by the Final Judgment being entered pursuant to this Order.

7. All claims of the Class Representatives for the Settlement Class and the Settlement Class that were asserted against Coats in the actions included in MDL Docket No. 1912 (the "Actions") are dismissed with prejudice, with each party to bear its own costs (except as provided for in the Settlement Agreement).

8. The Class Representatives for the Settlement Class and each member of the Settlement Class (other than Score Sports) are permanently barred and enjoined from prosecuting against jointly and severally, individually and collectively, Coats and all of its respective past and present, direct and indirect, parents, subsidiaries, affiliates, and divisions; the predecessors, successors and assigns of Coats; and each and all of the past, present, and future principals, partners, officers, directors, supervisors, employees, representatives, contractors, insurers, attorneys, heirs, executors, administrators, and assignees of each of the foregoing (but does not include any current or former officer, director or employee of Coats or their affiliates who refuses to comply with a reasonable request by Settlement Class Counsel, properly made pursuant to Section H of the Settlement Agreement, to be interviewed, provide a declaration or affidavit, or appear to testify at deposition or at trial and to testify, without invocation of his or her right against self incrimination, concerning the matters alleged in the complaint in the Action) ("Releasees"), all manner of claims, demands, actions, suits, and causes of action,

3

damages, and liabilities of any nature, including, without limitation, costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that jointly and severally, individually and collectively, Plaintiffs and the Settlement Class members on behalf of themselves and any person or entity claiming by or though them as an heir, administrator, devisee, predecessor, successor, parent, subsidiary, affiliate, division, representative of any kind, shareholder, partner, director, owner of any kind, assignee, agent, employee, contractor or insurer, on behalf of themselves and any person or entity claiming by or through them as an heir, administrator, devisee, predecessor, successor, parent, subsidiary, representative of any kind, shareholder, director, owner of any kind, affiliate, assignee, agent, employee, contractor, attorney or insurer, or any of them, ever had, now has, or hereafter can, shall, or may have, up to and including the Effective Date as defined in the Settlement Agreement, directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, in law or equity based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Action against Coats which arise under any United States federal or state law, including any United States federal, state or local statutory or common law, or any other code, rule, or regulation of any country or other jurisdiction worldwide, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq.; provided, however, that nothing herein shall release any: (1) claims based upon Indirect Purchases of Fasteners; (2) claims for any product defect, non-performance of contract or similar claim relating to Fasteners; or (3) claims for purchases made outside of the United States.

  9. Each member of the Settlement Class (other than Score Sports) has expressly agreed to waive and release, and shall be deemed to have waived and released, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542. <u>Certain Claims Not Affected by General Release</u>.
> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his favor at the time of executing
> the release, which if known by him must have materially affected
> his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. Each member of the Settlement Class (other than Score Sports) may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of paragraph 9, but each of those Settlement Class members has expressly waived and has fully, finally and forever settled and released, any known or unknown, suspected or unsuspected, contingent or non-contingent claim which is the subject matter of paragraph 9, without regard to the subsequent discovery or existence of such different or other facts.

10. Except as provided in the Settlement Agreement, and in this Final Judgment Order, Coats shall have no obligation for any costs, expenses, or fees of any of the Settlement Class' attorneys, experts, advisors, agents, or representatives, which expenses are to be paid out of the Settlement Fund as defined in the Settlement Agreement.

11. Nothing in this Final Judgment Order or the Settlement Agreement and no aspect of the settlement or negotiation thereof is or shall be deemed or construed to be an admission or concession of any violation of any statute or law or of any liability or wrongdoing by Coats or of the truth of any of the claims or allegations in any of the complaints in the Actions or any other pleading, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in any of the Actions or in any other action or proceeding other than to enforce the terms of this Final Judgment Order or the Settlement Agreement.

5

12. This Final Judgment Order does not settle or compromise any claim by the Class Representatives for the Settlement Class or any Settlement Class member against any former or current Non-Settling Defendant or alleged co-conspirator or any other person or entity other than the Releasees and all rights against any Non-Settling Defendant or other person or entity are specifically reserved.

13. Without affecting the finality of this judgment in any way, this Court hereby retains continuing jurisdiction for the purposes of implementing and enforcing the Settlement Agreement.

14. Terms used in this Final Judgment Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Final Judgment Order as defined in the Settlement Agreement.

BY THE COURT:

_____
Honorable R. Barclay Surrick
United States District Judge