UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: FASTENERS ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 1912<br><br>Civ. No. 2:08-md-01912-RBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

**MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER
AUTHORIZING DISTRIBUTION OF THE SETTLEMENT FUND**

In its order dated January 24, 2014, this Court gave final approval to the settlements between the Class and defendants totaling $17,550,000 (hereinafter "the Settlement Fund"). The claims review process has been completed and Class Counsel recommend distribution of the Settlement Fund to approved claimants as described below:

*Description of the Claims Administration Process*

1.   Copies of the Notice[1] were mailed to potential Class members beginning on or about October 25, 2013, by Heffler, Radetich & Saitta L.L.P. ("Heffler"), the claims administrator selected by Class Counsel and approved by the Court.  316 Claim Forms were timely submitted to Heffler in response to the Notice and 31 Claim Forms were submitted after the December 15, 2013 claim filing deadline.[2]  *See* Affidavit of Edward J. Sincavage CPA Regarding Claims Administration ("Sincavage Affidavit"), ¶ 3.  The total amount of purchases claimed is $1,478,027,980.29.  Sincavage Affidavit, ¶¶ 12, 13.

2.   Heffler, with Class Counsel's assistance, carefully reviewed each of the claims submitted; responded to claimants' written and telephone inquiries; requested supporting

---

[1] All capitalized terms have the same meaning as in the Settlement Agreements filed with the court on August 12, 2013.

[2] The last claim form was received by Heffler on August 7, 2014.

1

documentation in order to audit claims; and advised claimants of proposed allowances and disallowances of purchases. *See* Sincavage Affidavit filed concurrently with this motion describing the claims administration process and results in more detail.

3. Class Counsels' recommendations as to allowance and disallowance of claims are as follows:

   a. 255 claims, with total Allowed Purchases of $1,225,175,955.66, were received by the December 15, 2013, deadline for submission of claims;

   b. 22 claims, with total Allowed Purchases of $29,542,439.44, were received after the December 15, 2013, deadline. Class Counsel supports Heffler's recommendation that these late-filed claims be accepted as if timely filed because they did not delay the ultimate processing of those claims filed before December 15, 2013;

   c. Class Counsel supports Heffler's recommendation that purchases in the aggregate amount of $223,309,585.19 be disallowed. Heffler has categorized the Disallowed Purchases because: (1) the claimant failed to provide required information or documentation in support of the purchases; (2) the purchases were made from non-defendants; (3) the purchases occurred outside the Class Period or outside the United States; (4) the claim failed to properly reflect discounts, charges or expenses such as freight, fees or rebates; (5) the purchases were of non-eligible products; (6) and the purchases were duplicative. *See* Sincavage Affidavit, ¶¶ 12, 13. Each claimant with Disallowed Purchases was notified of the amount of its recommended Disallowed Purchases. No claimant has contested Heffler's determinations. *See* Sincavage Affidavit, ¶¶ 5-10;

   d. After providing for the adjustments identified in paragraph (c) above, Class Counsel recommend that 277 claims be approved with allowed purchases in the aggregate amount of $1,254,718,395.10.  (Lists of all claimants showing their claimed purchases, and recommended allowed and disallowed purchases, are attached to the Sincavage Affidavit.)

4. The Settlement Fund was established in 2010.  To date, Class Counsel, with accounting assistance, have timely filed the Settlement Fund's Federal income tax returns and made any required payments related thereto.  Class Counsel will continue to file the required Federal income tax returns and to make any required payments.

5. Heffler has performed the extensive claims administration services described above and in the Sincavage Affidavit.  The total charge for its services rendered and costs incurred for administration of claims is $88,771.97.

6. Class Counsel request that a hold-back fund be established in the amount of $25,000.  The hold-back fund may be used for: payment of taxes due on interest earned by the Settlement Fund and tax return preparation costs; payment as a result of any unforeseen issues involving already filed claims; possible payment of additional late claims; and payment of further claims administration and bank fees and costs.  After all distribution matters have been completed, Class Counsel shall apply to the Court for approval of the disposition of the remainder of this reserve and any additional interest credited to the Fund.

7. The balance of the Settlement Fund is $11,310,660.97, plus accruing interest. This represents the $17,550,000 in total settlements, plus interest in the amount of $2,318.07, less authorized disbursements in the aggregate amount of $6,241,657.10 (i.e., attorneys' fees, reimbursement of counsel's cost disbursements, costs of notice, Class representative incentive

payments, tax preparation charges, and bank charges).  If the payments and reserve requested in the above paragraphs are approved, Class Counsel request authorization to distribute the balance of the Settlement Fund to the 277 claimants with total allowed purchases, pro rata based on those purchases.

8.  Class Counsel respectfully request that this Court order the distribution of the Settlement Fund in conformity with the form of Order attached hereto.

Dated:  November 10, 2014                                                   Respectfully submitted,

| | |
|---|---|
| Gregory Arenson<br>Christine M. Fox<br>KAPLAN FOX & KILSHEIMER LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>(212) 687-1980<br>garenson@kaplanfox.com<br>cfox@kaplanfox.com | Warren Rubin<br>Tina Moukoulis<br>LAW OFFICES BERNARD M. GROSS, P.C.<br>John Wanamaker Building, Suite 450<br>100 Penn Square East<br>Philadelphia, PA 19107<br>(215) 561-3600<br>warren@bemardmgross.com<br>tina@bemardmgross.com |
| /s/Gerald J. Rodos<br>Gerald Rodos<br>Jeffrey Gittleman<br>BARRACK, RODOS & BACINE<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103<br>(215) 963-3600<br>grodos@barrack.com<br>jgittleman@barrack.com | Joseph C. Kohn<br>Douglas A. Abrahams<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA 19107<br>(215) 238-1700<br>jkohn@kohnswift.com<br>dabrahams@kohnswift.com |

Co-Lead Counsel for the Plaintiff Class